22-1620-cv
Oles v. City of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-three.

PRESENT:  ROBERT D. SACK,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
              *Circuit Judges*.

------------------------------------------------------------------

WARD OLES, individually and on behalf of all others similarly situated, PATRICIA REED, individually and on behalf of all others similarly situated,

      *Plaintiffs-Appellants*,

    v.                                       No. 22-1620-cv

CITY OF NEW YORK, acting through the New York City Police Department and New York City Department of Finance, MARY GOTSOPOULIS,

JEFFREY SHEAR,

*Defendants-Appellees.*\*

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:  ROBERT B. LOWER, Lower Law PLLC, New York, NY

FOR DEFENDANTS-APPELLEES:  JEREMY PEPPER, Assistant Corporation Counsel (Richard Dearing, Melanie T. West, *on the brief*), *on behalf of* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

Appeal from orders entered in the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the District Court are AFFIRMED.

Ward Oles and Patricia Reed appeal from orders of the United States District Court for the Southern District of New York (Schofield, J.) dismissing their due process, excessive fines, and equal protection claims, and denying leave to amend their complaint to add preemption, compelled speech, interstate

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

commerce, and void-for-vagueness claims.  On appeal, the Appellants allege that the City of New York violated their rights under federal law by imposing $234.60 in fees and fines for parking a non-commercial vehicle with commercial plates in a commercial parking zone in violation of 34 R.C.N.Y. §§ 4-08(l)(3)(ii) and 4-08(k)(1).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

**I.       Dismissal of Appellants' Claims**

We review the District Court's dismissal of Appellants' due process, excessive fines, and equal protection claims <u>de novo</u>, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in [Appellants'] favor."  <u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC</u>, 797 F.3d 160, 169 (2d Cir. 2015).

a.  <u>Substantive Due Process</u>

We begin with Appellants' substantive due process claims.  "[T]o determine whether a government regulation infringes on a substantive due process right, we first identify the constitutional right at stake or the deprivation of property interest at issue."  <u>Goe v. Zucker</u>, 43 F.4th 19, 30 (2d Cir. 2022)

3

(quotation marks omitted), cert denied sub nom. Goe v. McDonald, No. 22-404, 2023 WL 2563315 (U.S. March. 20, 2023).  "If we identify either, we then assess whether the government's alleged conduct shocks the conscience."  Id. Assuming that the Appellants have a constitutionally protected interest in the $234.60 they paid in fees and fines, they have not alleged that the City engaged in "egregious" or "outrageous" conduct by simply enforcing its traffic rules. Charles v. Orange County, 925 F.3d 73, 85 (2d Cir. 2019).  We therefore conclude that the District Court did not err in dismissing Appellants' substantive due process claim.

### b.  Procedural Due Process

We next turn to Appellants' procedural due process claim.  Appellants primarily allege that the City's ticket dispute procedure, which is administered by the City's Department of Finance (DOF) and conducted by administrative law judges (ALJs), violated their due process rights in four ways: (1) they did not receive notice of their DOF hearings, (2) they did not receive notice of their opportunity to appeal the violation decisions reached in those hearings, (3) the ALJs who presided over their hearings were biased, and (4) the cost of disputing the fines and fees exceeded their value.

4

We conclude that Appellants have failed adequately to state a procedural due process claim.  First, even assuming that Appellants did not receive notice of the DOF hearings, their complaint states that they received notice of a pre-deprivation procedure, through which they pleaded "Not Guilty" and submitted statements supporting the dismissal of their violations.  See Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 461 (2d Cir. 2006).  Second, contrary to their allegations, Appellants' hearing decisions clearly state that Appellants had "thirty (30) days to appeal a guilty determination."  Joint App'x 51, 53.  In any case, city officials are not required to "inform individuals of all [their] procedural guarantees," such as the opportunity to appeal, where public resources provide information about them.[1]  See Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174, 192 (2d Cir. 2020) (citing City of West Covina v. Perkins, 525 U.S. 234, 240-41 (1999)).  Third, we assume that ALJs are "unbiased" absent a "specific showing of conflict of interest or reason for disqualification."  Doolen v. Wormuth, 5 F.4th 125, 135 (2d Cir. 2021).  And in any event, Appellants failed to avail themselves

---

[1] We take judicial notice that DOF's website, for example, explains how to appeal a hearing decision.  See New York City Department of Finance, Appeal a Hearing Decision, available at https://www.nyc.gov/site/finance/vehicles/dispute-appeal-hearing.page (last accessed Apr. 13, 2023).

of an Article 78 proceeding, which is a "a wholly adequate post-deprivation hearing for due process purposes." Green v. Dep't of Educ., 16 F.4th 1070, 1077 (2d Cir. 2021) (quotation marks omitted). For these reasons, we identify no error in the District Court's dismissal of Appellants' procedural due process claim.

### c. Excessive Fines

We next turn to Appellants' excessive fines claim. Appellees do not dispute that the Eighth Amendment's Excessive Fines Clause applies in this case, so we proceed to consider "whether the challenged forfeiture is unconstitutionally excessive," which requires us to weigh four factors:

> (1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

United States v. Viloski, 814 F.3d 104, 109-10 (2d Cir. 2016) (quotation marks omitted). Appellants focus on the third factor, alleging that the City cannot impose fines and fees exceeding $50 for violations of its display requirements. But New York State law explicitly authorizes the City to impose fines and fees of $100, plus a $15 surcharge, for violations relating to stopping and standing, like those at issue here. See N.Y. Veh. & Traf. Law §§ 237(2)(a)(i), 1809-a(1). Having

6

independently weighed the remaining factors, we agree with the District Court's conclusion that Appellants failed to allege that their $234.60 fine was "constitutionally excessive." Viloski, 814 F.3d at 109. Accordingly, we conclude that the District Court did not err in dismissing Appellants' excessive fines claim.

### d. Equal Protection

Finally, we consider Appellants' equal protection claim, which arises from the City's alleged practice of exempting vehicles of "nationally recognized companies" from its display requirements. Joint App'x 28 n.37 (quotation marks omitted). Where, as here, a challenged regulation "does not employ suspect classifications or impinge on fundamental rights," we apply rational basis review, pursuant to which we determine whether "the legislative means are rationally related to a legitimate governmental purpose." Concerned Home Care Providers, Inc. v. Cuomo, 783 F.3d 77, 91 (2d Cir. 2015) (quotation marks omitted). The City's display requirements, which advance the City's legitimate interest in identifying commercial vehicles and limiting the use of commercial parking spaces to those vehicles, satisfy that standard. The City rationally exempted vehicles of "nationally recognized companies" from those requirements because such vehicles are readily identifiable. We therefore

7

conclude that the District Court did not err in dismissing Appellants' equal protection claim.

**II.     Denial of Leave to Amend**

We now turn to the District Court's denial of leave to amend to add Appellants' proposed preemption, compelled speech, interstate commerce, and void-for-vagueness claims.  Because the District Court's denial was based on futility, we review its conclusions with respect to those claims de novo.  See In re Trib. Co. Fraudulent Convey. Litig., 10 F.4th 147, 159 (2d Cir. 2021), cert. denied sub nom. Kirschner v. FitzSimons, 142 S. Ct. 1128 (2022).  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim . . . ."  Id. at 175 (quotation marks omitted).

First, Appellants sought to allege that sections 4-01(b)(i) and 4-08(k)(1) of title 34 of the Rules of the City of New York are preempted by 49 U.S.C §§ 14501, 14506, and 31141.  Sections 14501 and 31141 do not conflict with sections 4-01(b)(i) and 4-08(k)(1), however, because they do not involve display requirements.  And although section 14506 addresses "display . . . of identification," it applies only to "motor carrier[s]," "motor private carrier[s]," "freight forwarder[s]," and "leasing compan[ies]"—terms that refer to "persons"

8

who provide transportation for compensation. See 49 U.S.C. §§ 13102(8), (14), (15) (defining terms in section 14506). Oles does not contend that he is a motor carrier, motor private carrier, freight forwarder, or leasing company. In fact, he concedes that when he received the parking tickets, he was driving the truck to pick up a couch for personal purposes—not compensation. That the City's display requirements, but not the federal regulations, apply to Oles's conduct illustrate that the City's display requirements do not "conflict[] with federal law such that it is impossible for a party to comply with both." N.Y. SMSA Ltd. P'ship v. Town of Clarkstown, 612 F.3d 97, 104 (2d Cir. 2010). We therefore conclude that the District Court did not err in denying leave to amend to add Appellants' proposed preemption claims.

Second, Appellants sought to allege that the City's display requirements violate their First Amendment rights by compelling them to share the name and address associated with their commercial plates. This Court has recognized that compelled disclosures of "purely factual and uncontroversial" information are subject to rational basis review. N.Y. State Rest. Ass'n v. New York City Bd. of Health, 556 F.3d 114, 132 (2d Cir. 2009) (quoting Zauderer v. Off. of Disciplinary Couns., 471 U.S. 626, 650-51 (1985)). As explained above, the City's display

requirements easily meet that standard. Because Appellants' proposed amendments failed to state a compelled speech claim, we again conclude that the District Court did not err in denying leave to amend.

Third, Appellants sought to amend the complaint to claim that the City's display requirements discriminate against interstate commerce and are void for vagueness. Because Appellants' proposed amendments with respect to those claims are wholly conclusory, the District Court did not err in denying leave to amend to add them. See Noto v. 22nd Century Grp., Inc., 35 F.4th 95, 104 (2d Cir. 2022).

We have considered Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court